# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| QUORDALIS V. SANDERS,<br><br>         Plaintiff,<br>v.<br><br>SGT. WINTER, LT. SANCHEZ, T. MELLER, T. MOON, BRIAN FOSTER, LT. WESTRA, E. STARK, and OFFICER ALDERDEN,<br><br>         Defendants. | Case No. 19-CV-190-JPS<br><br>**ORDER** |

   On February 5, 2019, the plaintiff, Quordalis V. Sanders ("Sanders"), filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated. (Docket #1). The crux of his complaint is that he was disciplined for masturbating, and he believes a false accusation related to the incident violated his Fourteenth Amendment right to due process. *Id.* Along with his complaint, Sanders filed a motion for leave to proceed *in forma pauperis*, meaning without prepayment of the filing fee. (Docket #2).

   Magistrate Judge Nancy Joseph, to whom this case was initially assigned, considered Sanders' *in forma pauperis* motion and denied it. (Docket #4). She explained that under the Prison Litigation Reform Act ("PLRA"), a prisoner who has filed three or more lawsuits or appeals that have been dismissed as frivolous, malicious, or for failure to state a claim—in other words, a prisoner who has incurred three "strikes"—is prohibited from bringing any other action without prepayment of the *full* civil case filing fee. *Id.* at 1 (citing 28 U.S.C. § 1915(g)). The PLRA three-strike rule has a limited

exception for prisoners who are "under imminent danger of serous physical injury." 28 U.S.C. § 1915(g).

On June 27, 2003, the Seventh Circuit Court of Appeals gave Sanders his third strike. *Sanders v. Bertrand*, 72 F. App'x 442, 445 (7th Cir. 2003) ("Because this appeal is frivolous, Sanders has incurred his third strike under 28 U.S.C. § 1915(g)."). In light of this, and because Sanders' complaint did not allege that he was in imminent danger of serious physical injury, Magistrate Joseph denied Sanders' request to proceed *in forma pauperis.* (Docket #4 at 2). She ordered that he pay the full filing fee of $400.00 on or before March 4, 2019. *Id.*

Sanders then promptly filed a magistrate judge jurisdiction form, declining to consent to magistrate judge jurisdiction,[1] and the case was reassigned to this branch of the court. He then filed a motion for reconsideration of Magistrate Joseph's ruling on his *in forma pauperis* motion, arguing that Magistrate Joseph did not have jurisdiction to enter that order. (Docket #7).

Sanders is wrong. The Magistrate Judges Act permits a magistrate judge, regardless of consent by the parties, to hear and determine a wide variety of pretrial non-dispositive matters. 28 U.S.C § 636(b)(1). This includes deciding the non-dispositive issue of a plaintiff's request to proceed *in forma pauperis. Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 466 (7th Cir. 2017) (A conclusion that the plaintiff is not entitled to proceed without prepayment of the filing fee "does not foreclose further legal proceedings—it just means that the plaintiff must pony up the required filing fee.") (citation omitted). Magistrate Joseph was well within her authority to order Sanders to

---

[1]These forms are not viewable by judges, but Sanders indicated in a subsequent filing that he declined to consent to magistrate judge jurisdiction. *See* (Docket #7 at 2).

pay the full filing fee. Moreover, her conclusion is undoubtedly correct: Sanders has incurred three strikes and he must, therefore, pay the full civil filing fee if he wishes to maintain this action.

Therefore, Sanders' motion for reconsideration will be denied. The deadline imposed by Magistrate Joseph for payment of the full filing fee will be extended to March 11, 2019, but no further. If Sanders fails to pay the full civil filing fee of $400.00 by that date, this case will be dismissed without further notice. *See* Civil L. R. 41(c).

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for reconsideration of Magistrate Judge Nancy Joseph's February 12, 2019 order (Docket #7) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the plaintiff pay the full $400.00 filing fee no later than **March 11, 2019,** or this action will be dismissed without prejudice.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge