# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| QUORDALIS V. SANDERS,<br><br>         Plaintiff,<br><br>v.<br><br>SGT. WINTER, LT. SANCHEZ, T. MELLER, T. MOON, BRIAN FOSTER, LT. WESTRA, E. STARK, and OFFICER ALDERDEN,<br><br>         Defendants. | Case No. 19-CV-190-JPS<br><br><br>**ORDER** |

On April 9, 2019, Plaintiff filed a motion for reconsideration of the Court's April 4, 2019 order dismissing this case without prejudice for failure to pay the filing fee. (Docket #12); *see also* Fed. R. Civ. P. 60(b). He claims that he did not receive the Court's March 1, 2019 order—which instructed that he pay the full filing fee by March 11, 2019, *see* (Docket #9)—until March 26, 2019. *Id.* at 1. Even if this were true, he did not reach out to the Court at the time, and he did not pay the fee. Instead, Plaintiff states that if he had enough time to do so, he would have secured private counsel to give him a "legal loan" to pay the filing fee. *Id.* at 2. He attaches letters from two attorneys who, unsurprisingly, declined to take his case and pay the fee for him. (Docket #12-1). Plaintiff asks that the Court appoint him counsel, who he believes would then give him a legal loan to pay the filing fee. *Id.* at 2. Finally, Plaintiff argues that requiring him to prepay the full filing fee because he has accumulated three strikes under 28 U.S.C. § 1915(g) violates

his First Amendment right to meaningful and effective access to the courts. *Id.* at 3. Plaintiff's motion will be denied.

First, the Court will not appoint counsel for the purpose of funding Plaintiff's litigation. It is the Court's role to appoint counsel when the difficulty of the case exceeds the particular plaintiff's capacity to coherently present it to the judge or jury himself, *Pruitt v. Mote,* 503 F.3d 647, 655 (7th Cir. 2007), not when the plaintiff needs a funding mechanism for his litigation. Requesting appointed counsel as an end-run around the filing fee requirement is a strategy that Plaintiff has tried in another case before this Court. *See* Case No. 19-CV-437-JPS, Docket #8 (E.D. Wis.). That case was also dismissed for failure to pay the filing fee. Plaintiff is advised not to try this frivolous strategy again.

Next, if Plaintiff believes he can secure a private lawyer to represent him and to pay the full filing fee for him, he is free to re-file his complaint at that time; this action was dismissed without prejudice.

Finally, Plaintiff's First Amendment argument regarding the three strikes provision of Section 1915(g) has already been considered and rejected by the Seventh Circuit. *See Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) (requiring a prisoner who has brought three or more previous frivolous actions to prepay filing fees in future actions does not violate the prisoner's right to access the courts).

There is no merit to Plaintiff's motion for reconsideration, and it will therefore be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #12) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of May, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge